UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-10038-RAR

**JERMAINE LAMAR ROBERTS**,

    Plaintiff,

v.

**RICK RAMSEY** and
**MATTHEW COREY**,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court on Plaintiff Jermaine Lamar Roberts's *pro se* civil rights complaint under 42 U.S.C. § 1983. *See* Complaint ("Compl.") [ECF No. 1]. Plaintiff alleges that he was illegally arrested on a defective warrant by Monroe County Sheriff's Office ("MCSO") deputies since "the State of Florida did not have authority outside the territorial limits of the State" to effectuate the arrest. Compl. at 3. Upon careful review of the record, the Court concludes that this Complaint is an attempt to collaterally attack the validity of Plaintiff's state-court conviction. Accordingly, since the relief Plaintiff is requesting cannot be granted in a § 1983 proceeding, the Court must **DISMISS** the Complaint.

## LEGAL STANDARD

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the

complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Similarly, under § 1915(e)(2), "the court *shall* dismiss [a] case *at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A. *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

## ANALYSIS

To begin, the Court will briefly review the somewhat complex factual background undergirding this Complaint. Plaintiff alleges that he was originally arrested by Deputy Valdez of the MCSO on September 11, 2019, pursuant to "an active federal warrant for violation of probation." Compl. at 2. A review of Plaintiff's federal criminal docket confirms that U.S. District Judge James Lawrence King issued a warrant for Plaintiff's arrest on August 23, 2019, after Plaintiff's probation officer alleged that Plaintiff violated the terms of his supervised release by unlawfully possessing or using controlled substances. *See* Petition for Warrant for Offender Under

Supervision, *United States v. Roberts*, No. 13-CR-10013 (S.D. Fla. Aug. 23, 2019), ECF No. 180.[1] However, while Plaintiff was in federal custody, a state-court judge in the Sixteenth Judicial Circuit in and for Monroe County, Florida, issued an arrest warrant for alleged violations of state law. *See* Compl. at 14–15. According to Plaintiff, the MCSO "relinquished primary jurisdiction" of Plaintiff when they turned him over to federal officials, and he now asserts that the subsequent state arrest warrant (and his arrest pursuant to this warrant) was unconstitutional because MCSO "did not have authority outside the territorial limits of the State" to arrest Plaintiff and remove him from federal custody. *Id.* at 3. Plaintiff concludes that, since the arrest warrant was defective, the state court "had no right to try nor punish Petitioner, and the proceedings and sentence of the Sixteenth Judicial Circuit . . . was absolute nullities [sic] in law." *Id.* at 4.

Plaintiff's claim is not cognizable under § 1983 since he is challenging the constitutionality of his state-court conviction rather than "the circumstances of his confinement." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). Plaintiff's sole contention is that his conviction in Case No. 19CF787AK in the Sixteenth Judicial Circuit is a legal nullity because MCSO lacked "jurisdiction" to arrest him with a state arrest warrant. *See* Compl. at 3–4. This claim "falls solely within 'the province of habeas corpus'" as the relief Plaintiff seeks would "invalidate his conviction or sentence." *Hutcherson*, 468 F.3d at 754; *see also Jamerson v. Sec'y, Dep't of Corr.*, 774 F. App'x 623, 624 (11th Cir. 2019) ("[A] § 1983 action cannot be used to collaterally attack a conviction or sentence[.]"). Instead, Plaintiff must bring these claims in a petition for writ of habeas corpus under 28 U.S.C. § 2254, which allows a state-court prisoner to challenge "the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or

---

[1] Judge King ultimately revoked Plaintiff's supervised release and sentenced him to eight months in the custody of the Bureau of Prisons for these violations. *See* Judgment, *United States v. Roberts*, No. 13-CR-10013 (S.D. Fla. Nov. 14, 2019), ECF No. 193.

laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." (internal quotation omitted)).[2]

In some circumstances, a false arrest claim can be raised in a § 1983 proceeding. *See Henley v. Payne*, 945 F.3d 1320, 1327 (11th Cir. 2019). But a § 1983 plaintiff cannot "recover damages for [an] allegedly unconstitutional conviction or imprisonment" unless that same conviction "has been reversed on direct appeal, expunged by an executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff admits that his state-court conviction has not been invalidated, *see* Compl. at 4, and this Court's independent review of the Sixteenth Judicial Circuit's docket in Case No. 19CF787AK confirms that Plaintiff's conviction has not been reversed, expunged, or otherwise called into question, *see Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute.'") (quoting FED. R. EVID. 201(b)).

Since Plaintiff alleges that his illegal arrest was the proximate cause of his state-court conviction, *Heck* bars Plaintiff from bringing this § 1983 proceeding unless and until his state-court conviction is overturned. *See Henley*, 945 F.3d at 1328 (explaining that *Heck* only applies if "the plaintiff [was] convicted of an offense that derives from a common nucleus of operative

---

[2] The Eleventh Circuit has advised that, when a prisoner improperly raises a claim under § 1983 instead of § 2254, the district court should "treat the inmate's claim as raised under § 2254, and [must] apply [§ 2254's] attendant procedural and exhaustion requirements to the claim." *Hutcherson*, 468 F.3d at 754 (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)). However, the Court will not reconstrue this Complaint as a § 2254 petition because it is unclear from the record if Plaintiff's habeas petition is timely or properly exhausted under § 2254. If Plaintiff wishes to bring a § 2254 petition, he first must take care to ensure that all of his claims are timely and have been properly exhausted in state court before he files his petition on the appropriate, court-approved form petition. *See generally* 28 U.S.C. § 2254(b).

fact with the offense underlying his § 1983 claim"); *Gates v. Lee Cnty.*, No. 22-CV-496, 2022 WL 18636695, at *4 (M.D. Fla. Dec. 6, 2022) ("[F]alse arrest claims do not necessarily implicate *Heck*. Even so, on the facts set forth in the second amended complaint, Plaintiff cannot assert a viable false arrest claim without attacking the validity of his criminal conviction.").

In sum, Plaintiff's claim attacks the validity of his state-court conviction, so it must be raised in a petition for writ of habeas corpus under 28 U.S.C. § 2254 instead of a § 1983 complaint. Even if Plaintiff's allegations could be construed as a § 1983 false arrest claim, *Heck* bars Plaintiff from bringing such a claim unless his currently valid state-court conviction is reversed, expunged, invalidated, or called into question. For these reasons, the Complaint must be dismissed without prejudice. *See Petersen v. Overstreet*, 819 F. App'x 778, 779 (11th Cir. 2020).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Complaint [ECF No. 1] is **DISMISSED** *without prejudice*. All pending motions are **DENIED** as moot and all deadlines, if any, are **TERMINATED**. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 31st day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:  Jermaine Lamar Roberts
     00418475
     Monroe County Jail
     Inmate Mail/Parcels
     5501 College Road
     Key West, FL 33040
     PRO SE